FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 MAY 23 AM 9: __

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| PAUL MORRIS GARST, *et al.* on behalf of themselves and all others similarly situated, | ] ] ] ] | |
| Plaintiff(s), | ] ] | CV-97-N-0074-S |
| vs. | ] ] | |
| THE FRANKLIN LIFE INSURANCE COMPANY, *et al*, | ] ] ] | ENTERED |
| Defendant(s). | ] | MAY 2 3 2000 |

**Memorandum of Opinion**

I.   **Introduction.**

The court has for consideration the motion (Doc. No. 132) of Franklin Life Insurance Company to enforce injunction and for costs against Howard C. Steinberg, filed February 11, 2000. The issues have been briefed by both parties and are now ripe for decision. Upon due consideration, the motion will be **DENIED**.

II.  **Background.**

This class action, which was pending before Chief Judge U.W. Clemon, was resolved pursuant to a class action settlement which was approved by the court. The court's order approving the class action settlement barred the plaintiff class from bringing any future claims involving "matters that were or could have been raised in this action or are otherwise encompassed by the Release." Order Approving Class Action Settlement (Doc. No. 123) at 9. On June 1, 1999, the court entered its final judgment in this action.

It is undisputed that Howard C. Steinberg, a Franklin Life Insurance policyholder,

timely opted out of the class and filed suit in California State court. In that action, styled *Steinberg v. The Franklin Life Insurance Company*, Case No. BC175247, Mr. Steinberg had originally filed suit as a class action, and as the defendant states, "[i]n apparent recognition of the obvious impact of the *Garst* settlement on Steinberg's purported class action, **Steinberg and Steinberg's counsel have consented to dismiss all purported class claims.**" Motion (Doc. No. 132) at 5 (emphasis in original). However, Mr. Steinberg continues to seek, among other things, injunctive relief based on a claim brought pursuant to the Unfair Competition Act, Section 17200, *et seq.*, of the *California Business & Professions Code*.[1] Specifically, Mr. Steinberg seeks "**on behalf of the general public of California,** an order enjoining Franklin from engaging in unfair business practices, and ancillary relief requiring Franklin to disgorge (to a public fund) any and all profits earned from its unfair business practices in California." Plaintiff's opposition (Doc. No. 134) at 2 (emphasis in original).

The defendant argues for enforcement of the injunction entered in the *Garst* class action against Mr. Steinberg on the basis that Mr. Steinberg is seeking to obtain injunctive relief and restitution on behalf of Franklin Life policyholders on claims virtually identical to the claims released by the *Garst* class action settlement.[2] Mr. Steinberg, on the other hand,

---

[1] Section 17200 defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code § 17200 (West 1999).

[2] The defendant also asserts that Mr. Steinberg's action is barred by res judicata, while Mr. Steinberg disagrees and further argues that res judicata is a matter of state law to be determined by state courts. The defendant also argues that the court can enjoin Mr. Steinberg based on the All Writ's Act, 28 U.S.C. § 1651(a) and the Anti-Injunction Act, 28 U.S.C. § 2283. The court finds no reason to address these other arguments as the defendant has not satisfied the prerequisites necessary for a motion to enforce an injunction.

2

argues that he seeks nothing for himself or other *Garst* class members but rather on behalf of the general public of California, and that the settlement did not require the defendant to surrender all profits illegally obtained, nor did it impose an injunction to cease the alleged unfair business practices. Therefore, Mr. Steinberg asserts that nothing in the final judgment or release order entered in the *Garst* action precludes a law enforcement action for injunctive relief and disgorgement.

**III.   Discussion.**

The court draws the parties' attention to the recent Eleventh Circuit opinion in *Reynolds v. Roberts*, 207 F.3d 1288 (11th Cir. 2000), in which the Court reiterated the procedure it has set forth on how injunctions are to be enforced:

> They are enforced through the trial court's civil contempt power. If the plaintiff (the party obtaining the writ) believes that the defendant (the enjoined party) is failing to comply with the decree's mandate, the plaintiff moves the court to issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned. The plaintiff's motion cites the injunctive provision at issue and alleges that the defendant has refused to obey its mandate. If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose.

*Id.* at 1298 (citations omitted) (footnotes omitted).[3] The Court noted in *Reynolds* that "plaintiffs' counsel did not invoke this time-honored procedure to obtain enforcement of any of the provisions" in the consent decree or the injunction order, and that

> [t]he reason why plaintiffs' counsel did not move the court for an order to show cause is obvious: the Department had not disobeyed any of the mandates of the consent decree, as amended, and plaintiffs' counsel could

---

[3] The Court noted that a hearing may not be necessary, depending on what the defendant says in his response to the show cause order. *Reynolds*, 207 F.3d at n.19.

3

not contend that it had without running afoul of Rule 11 of the Federal Rules of Civil Procedure.

*Id.* The court in this case finds that it has been presented with a similar scenario as that in *Reynolds*.

Under the procedure set forth by the Eleventh Circuit, Franklin Life Insurance Company must first show that Mr. Steinberg has violated the injunction entered by the district court in its final judgment and order approving the settlement in the *Garst* class action. The court finds that the defendant has not moved the court for an order to show cause because Mr. Steinberg has not violated any of the provisions of the final judgment. The final judgment specifically provides in pertinent part:

> All Class Members **who have not been timely excluded from the Class** with respect to a Policy are hereby permanently barred and enjoined from (*i*) filing, commencing, prosecuting, maintaining intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from,[4] any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action, and/or the Released Transactions (as that term is defined in the Settlement Agreement) as to that Policy, and (*ii*) organizing or soliciting the participation of any Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Transactions as to that Policy.

---

[4] Clearly, any remedy due to the defendant, lies in the future, if and when a clearly identified plaintiff class member, who is also a part of the general public of California, actually recovers some benefit as a result of Mr. Steinberg's lawsuit.

Final Judgment (Doc. No. 124) ¶ 4 (emphasis added).[5] There is no dispute that Mr. Steinberg timely opted out of the class. Accordingly, the defendant is at a loss to explain how Mr. Steinberg is covered by the injunction and, thus, how the injunction can be enforced against him.

The court recognizes the Eleventh Circuit's reminder to the district court in *Reynolds* that

> "[l]ong standing precedent evinces a strong public policy against judicial rewriting of consent decrees. '[A] district court may not impose obligations on a party that are not unambiguously mandated by the decree itself.' *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)." *Reynolds I*, 202 F.3d at 1312. Consent decrees are contracts, and we construe them using the normal tools for interpreting contracts. Where they are unambiguous, the court must uphold a decree as written.

*Reynolds*, 207 F.3d at 1300-01. Although what is at issue in this case is a settlement agreement and not a consent decree, the court sees no reason why the Eleventh Circuit's mandate regarding consent decrees would not apply equally to settlement agreements. The settlement agreement provides that the judgment shall be "binding on, all Class Members **who have not been excluded from the Class** . . . ." Stipulation of Settlement (Doc. No. 47) at 39 (emphasis added). One might conclude, then, that the settlement agreement is not (and cannot) be binding on class members who have been excluded from the class. The settlement agreement also provides that the final order and judgment shall

---

[5] This exact paragraph is also included in the order, (Doc. No. 23) at 17-18, approving the class action settlement. Furthermore, the order states that "[t]he Class certified by this Court for settlement purposes does *not* include . . . (ii) any person or entity who has or had ownership of a Policy that is timely excluded from the Class; . . . A list of those persons who have excluded themselves from the Class, who therefore **are not bound by this Final Judgment**, is on file with the Court . . . and is incorporated herein and made a part hereof." *Id.* at 5 (emphasis added). That list includes Mr. Steinberg. *See* Declaration of Jeffrey D. Dahl (Doc. No. 122) at exhibit A.

"permanently bar and enjoin **all Class Members who have not been timely excluded from the Class** with respect to a Policy from (i) filing, commencing, prosecuting," etc. *Id.* at 69-70 (emphasis added). It appears that this section has been included in the final judgment and order approving the settlement agreement verbatim as quoted above. Accordingly, as the *Reynolds* Court noted, the agreement in this case was approved by the defendant's "highly sophisticated attorneys," and absent some legally recognized grounds for vitiating the settlement agreement and final judgment, the court will not rewrite them. *Id.* at 1301.

### IV.   Conclusion.

Based on the reasoning above, the court finds that the defendant's motion to enforce injunction and for costs should be **DENIED**. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this __22d__ of May, 2000.

                                          EDWIN L. NELSON
                                          UNITED STATES DISTRICT JUDGE