FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

00 JUL 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| PAUL MORRIS GARST, *et al.*<br>individually and as representative<br>of a class of other similarly situated<br>persons,<br><br>    Plaintiff(s),<br><br>vs.<br><br>THE FRANKLIN LIFE INSURANCE<br>COMPANY, *et al.*,<br><br>    Defendant(s). | ]<br>]<br>]<br>]<br>]<br>] CV-97-N-0074-S<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

ENTERED
JUL 17 2000

**Memorandum of Opinion**

**I.    Introduction.**

The court has for consideration the motion (Doc. No. 148) of Franklin Life Insurance Company to reconsider the court's May 23 order denying Franklin's motion to enforce injunction and for costs. The plaintiff, Howard C. Steinberg, has filed an opposition (Doc. No. 151) to the defendant's motion for reconsideration, and the defendant has filed a reply (Doc. No. 152). Accordingly, the issues have been briefed by both parties and are now ripe for decision. Upon due consideration, the motion to reconsider is granted and the plaintiff shall be enjoined from representing any class member in seeking any type of monetary or injunctive relief from the defendant.

**II.    Background.**

As noted previously, this class action was originally pending before Chief Judge U.W. Clemon and was resolved pursuant to a class action settlement. The court's order



approving the class action settlement barred the plaintiff class from bringing any future claims involving "matters that were or could have been raised in this action or are otherwise encompassed by the Release." Order Approving Class Action Settlement (Doc. No. 123) at 9. On June 1, 1999, the court entered its final judgment in this action.

It is undisputed that Howard C. Steinberg, a Franklin Life Insurance policyholder, timely opted out of the class and filed suit in California State court. In that action, styled *Steinberg v. The Franklin Life Insurance Company*, Case No. BC175247, Mr. Steinberg had originally filed suit as a class action, and as the defendant states, "[i]n apparent recognition of the obvious impact of the *Garst* settlement on Steinberg's purported class action, **Steinberg and Steinberg's counsel have consented to dismiss all purported class claims.**" Motion (Doc. No. 132) at 5 (emphasis in original). However, Mr. Steinberg continues to seek, among other things, injunctive relief based on a claim brought pursuant to the Unfair Competition Act, Section 17200, *et seq.*, of the *California Business & Professions Code*.[1] Specifically, Mr. Steinberg seeks "**on behalf of the general public of California,** an order enjoining Franklin from engaging in unfair business practices, and ancillary relief requiring Franklin to disgorge (to a public fund)[2] any and all profits earned from its unfair business practices in California." Plaintiff's opposition (Doc. No. 134) at 2 (emphasis in original).

---

[1] Section 17200 defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code § 17200 (West 1999).

[2] In his opposition brief to the defendant's motion to reconsider, Mr. Steinberg concedes that pursuant to recent California Supreme Court cases, disgorged profits may not go into a public fund or fluid recovery but must be given to identifiable victims. Plaintiff's opposition (Doc. No. 151) at 8-9.

The defendant argues for enforcement of the injunction entered in the *Garst* class action against Mr. Steinberg on the basis that Mr. Steinberg is seeking to obtain injunctive and monetary relief on behalf of Franklin Life policyholders, who necessarily include *Garst* class members. This, the defendant argues, directly violates the class action settlement. Mr. Steinberg, on the other hand, argues that he seeks nothing for himself or other *Garst* class members but rather on behalf of the general public of California, and that the settlement entered in the *Garst* action did not impose an injunction to cease the alleged unfair business practices of the defendant. Further, Mr. Steinberg argues that any disgorged profits resulting from his Section 17200 claim can be given to identifiable policyholders outside the *Garst* class and that those policyholders who have already been compensated will not be allowed to recover twice. Therefore, Mr. Steinberg asserts that nothing in the final judgment or release order entered in the *Garst* action precludes a Section 17200 claim for injunctive relief and disgorgement.

### III. Discussion.

The court first addresses the res judicata arguments made by the parties. Mr. Steinberg devotes a significant portion of his brief to arguing that it is the state court that has the authority to decide the issue of res judicata because it is a matter of state law. In its reply brief, Franklin agrees and states that it "is not asking this Court to make a *res judicata* determination" and that this court need not make such a determination. Reply (Doc. No. 152) at 7. Accordingly, it appears that both parties agree that whether the class members are precluded from participating in Mr. Steinberg's action under the doctrine of res judicata is an issue which should be left to the California state courts. As discussed below,

3

however, the *Garst* class members are clearly precluded by Judge Clemon's final judgment and order approving the settlement from participating in Mr. Steinberg's Section 17200 claim, and thus, the res judicata issue need not be addressed.

The court notes that Mr. Steinberg has essentially conceded that he has no right to recover monetary damages or injunctive relief on behalf of *Garst* class members under Section 17200. In fact, he repeatedly asserts that he "seeks nothing for <u>Garst</u> class members by his 17200 claim," he "is not . . . pursuing relief for and on behalf of class members in contravention of the Court's Final Judgment," "the claim . . . is not being made on behalf of any present or past Franklin policyholder, nor is any relief or benefit being sought for any <u>Garst</u> Class Member," and "[h]is unfair competition claim . . . does not seek any relief for or on behalf of <u>Garst</u> class members or Franklin policyholders." Plaintiff's opposition (Doc. No. 151) at 3-5, 22. Mr. Steinberg is correct in his assertion that such an action would be in direct violation of the final judgment entered by Judge Clemon in the *Garst* class action settlement.

In the order approving the class action settlement, *Garst* class members released

> any and all causes of action, claims, damages, awards, **equitable**, legal and administrative relief, interest, demands or rights, including, without limitation, claims for rescission, **restitution** or all damages of any kind, . . . whether based on federal, **state or local law, statute** . . . that . . . could have been, may be or could be alleged or asserted now or in the future by . . . any Class Member against the Releasees . . . in any court action . . . (including any brought by **or on behalf of any state attorney general**[3] . . . .

---

[3] The plaintiff does not dispute that in bringing a Section 17200 claim on behalf of the general public of California, the party bringing such a suit acts as a private attorney general.

4

Order Approving Class Action Settlement (Doc. No. 123) at 12 (emphasis added). Such language clearly covers the monetary and injunctive relief Mr. Steinberg's seeks in his present lawsuit under Section 17200 on behalf of *Garst* class members who necessarily are a component of the general public of California. Furthermore, the final judgment specifically provides that *Garst* class members

> are hereby permanently barred and enjoined from (*i*) filing, commencing, prosecuting, maintaining intervening in, **participating in (as class members or otherwise), or receiving any benefits or other relief from**, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action, and/or the Released Transactions (as that term is defined in the Settlement Agreement) as to that Policy, and (*ii*) organizing or soliciting the participation of any Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Transactions as to that Policy.

Final Judgment (Doc. No. 124) ¶ 4 (emphasis added).[4]

Franklin points out that despite this language, Mr. Steinberg continues to represent in his Section 17200 lawsuit that he seeks injunctive relief, disgorgement of profits, and restitution on behalf of the general public, which includes *Garst* class members. Second Amended complaint at exhibit A, attachment to (Doc. No. 148), at 17-18. No where in his

---

[4] This exact paragraph is also included in the order, (Doc. No. 123) at 17-18, approving the class action settlement.

second amended complaint or in subsequent correspondence or documentation has Mr. Steinberg qualified such language to exclude *Garst* class members.[5]

The court finds that the language quoted above in the order approving class action settlement and final judgment indicates that Mr. Steinberg cannot bring an action seeking monetary or injunctive relief on behalf of *Garst* class members and that by bringing an action for such relief benefitting class members under Section 17200, Mr. Steinberg has violated the injunction entered by the district court.

For the aforementioned reasons, the court finds that Mr. Steinberg shall be enjoined from representing any *Garst* class members for monetary or equitable recovery in his Section 17200 claim. Furthermore, Mr. Steinberg is instructed to inform the California state court in which his action is pending that he is making no claim for monetary or injunctive relief under Section 17200 on behalf of any *Garst* class member and to amend his California state court complaint accordingly if necessary.

## IV.   Conclusion.

The court finds that the defendant's motion to reconsider should be and is hereby granted, and that Mr. Steinberg shall be enjoined from representing any *Garst* class

---

[5] Franklin further emphasizes that pursuant to a discovery dispute in the state court action, Mr. Steinberg has stated that he is entitled to information based on the fact that "pursuant to Business & Professions Code § 17200, Mr. Steinberg has sued Franklin on behalf **of all California policyholders** who fell victim to the unfair and deceptive business practices of Franklin in connection with their whole life insurance policies." Statements of Items in Dispute Re Plainitffs' Motion Compelling Further Responses to Document Request Set No. One at exhibit B, attachment to (Doc. No. 148) at 3. Such language, the defendant argues, which was asserted contemporaneously with Mr. Steinberg's announcement that he was not pursuing any class claims, shows that Mr. Steinberg continues to seek relief on behalf of *Garst* class members, which necessarily make up the group, "all California policyholders."

member in his Section 17200 lawsuit for monetary or injunctive relief from the defendant.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this __14th__ of July, 2000.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE